# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1   Kevin Kelly

      Defendant.

_____/

Case: 2:26−cr−20161
Assigned To : White, Robert J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 3/23/2026
Description: USA V KELLY (MRS)

Violation: 18 U.S.C. § 1349
Wire Fraud Conspiracy

## INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Kevin Kelly was a resident of Southfield, Michigan, and was the owner and principal of Kelly One Investments, LLC, a Michigan limited liability company.

2. Zina Thomas, a/k/a Zina Morgan, was a resident of Detroit, Michigan, and employed as the Director of Home Ownership Programs for the United Community Housing Coalition (UCHC).

1

3.      Jontae Jackson was a resident of Detroit, Michigan, and was employed by the Wayne County, Michigan Treasurer's Office as a taxpayer assistant.

4.      Around and between November 2022 and March 2023, Thomas and Jackson had a conversation about removing properties from the tax foreclosure list. The two discussed a plan to make money on removed properties.

5.      In early 2023, Thomas and Jackson agreed to identify particular properties for possible removal from the tax foreclosure list and Thomas would pay Jackson for each property removed and later sold.

6.      Over the course of several months, Thomas and Jackson identified numerous properties for possible removal from the tax foreclosure list. Jackson researched the properties in the Wayne County Property Tax Administration (PTA) System to determine if the properties could be removed from the tax forfeiture list, subject to documentation showing they were "owner occupied." If eligible for such removal, Jackson would tell Thomas.

2

7.     To show that the property was "owner occupied" and eligible for a tax debt payment plan in lieu of foreclosure, Thomas would obtain and prepare fraudulent documentation, including quitclaim deeds and driver's licenses, often with the assistance of other coconspirators. Thomas would then email fraudulent residency documentation to Jackson at the Wayne County, Michigan Treasurer's Office.

8.     Jackson would download the fraudulent documents, make a fraudulent entry in the PTA System, and remove the property from the tax forfeiture list. After Jackson removed the property from the tax forfeiture list, Thomas fraudulently sold or transferred the properties from the homeowners, without their authority, to others via forged quitclaim deeds.

9.     In approximately April 2023, Kelly went to the Wayne County Treasurer's Office to inquire about two properties he owned that had been placed on the tax foreclosure list for failing to pay property taxes. Jackson referred Kelly to Thomas as someone who could help Kelly with his properties. Kelly then paid Thomas a cash "fee" of $6,000 per property for Thomas to work with Jackson to have Kelly's two properties removed from the tax foreclosure list.

10. Subsequently, between in and around May through October 2023, Thomas and/or Jackson identified several other properties of interest to Kelly for possible removal by Jackson from the tax foreclosure list and purchase by Kelly. In furtherance of the fraud scheme, Kelly, Thomas, and Jackson typically communicated about the targeted properties using cellular telephone text messages over interstate wires.

11. Ultimately, Kelly purchased at least fifteen properties off the tax foreclosure list by paying Thomas a "fee" of between $6,000 and $8,000 per property, often in cash, to have Jackson remove the properties from the tax foreclosure list. Kelly knew that Thomas and Jackson were fraudulently removing the properties from the list in exchange for Kelly's payments to Thomas. Once removed, Kelly would purchase the properties off the list with assistance from Thomas and Jackson, so that Kelly could renovate and resell them.

12. Consistent with their arrangement, from approximately May 2023 through October 2023, Kelly paid Thomas over $100,000 to remove properties from the tax foreclosure list and cause title of the properties to transfer to Kelly (or to Kelly One Investments). On several occasions,

4

Kelly also paid Jackson directly to provide him with non-public information about properties on the tax foreclosure list so that Kelly could seek to have them removed from the list and "purchase" them from Thomas before a public auction of the properties.

13.     On one occasion, Kelly attempted to resell a property obtained in the scheme. A title company, however, identified a discrepancy in the chain of title for the property involving previous seller "Sam Smith."   In order to defraud the title company, Kelly provided Thomas (via text message) with multiple sets of personal identifying information for various "Sam Smiths," one set of which Kelly used to obtain a fraudulent social security card in the name of "Sam Smith" to provide to the title company in an attempt to remove the cloud on the title. Ultimately, the title company terminated the sale.

14.     During the scheme, Kelly acquired at least fifteen (15) properties off the foreclosure list with an aggregate value of approximately $1,033,800.

## COUNT ONE
(18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

**D-1   Kevin Kelly**

15.    The allegations set for in paragraphs 1 through 14 are re-alleged and incorporated by reference as though fully set forth herein.

## The Conspiracy

16.    From in or about May 2023 through October 2023, in the Eastern District of Michigan and elsewhere, defendant KEVIN KELLY did knowingly and voluntarily combine, conspire, confederate, and agree with Zina Thomas, Jontae Jackson, and other individuals both known and unknown to the government other to violate Title 18, United States Code, Section 1343, that is, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and the defendants and others transmitted and caused to be transmitted, by means of wire, radio, and television communication, writings, signal, pictures, and sounds in interstate and foreign commerce for the purpose of executing such

6

scheme and artifice, all in violation of Title 18, United States Code, Section 1349.

## Purpose of the Conspiracy

17.    It was a purpose of the conspiracy for KELLY, Thomas, Jackson, and others to enrich themselves by paying money to Thomas and Jackson in exchange for Thomas and Jackson's assistance in removing properties from the Wayne County, Michigan tax foreclosure list so that such properties could be "purchased" from Thomas and then resold and transferred to others.

## Manner and Means

18.    The conspiracy was carried out through the following manner and means, among others:

a. KELLY, Thomas, Jackson, and others identified particular properties for possible removal from the tax foreclosure list.

b. Jackson researched the properties in the PTA System to determine if the properties could be removed from the tax forfeiture list, subject to documentation showing they were "owner occupied."

c. Thomas, aided and abetted by others, supplied fraudulent documentation to Jackson that Jackson then downloaded to the PTA System, enabling Jackson to remove properties from the tax forfeiture list.

d. Thomas and others paid Jackson for each property Jackson removed from the tax foreclosure list that Thomas was later able to sell or transfer to another person or entity.

e. KELLY paid Thomas for her assistance in getting Jackson to remove properties from the foreclosure list and for "selling" those properties to him.

f. KELLY paid Jackson for non-public information to assist in his selection of properties to acquire through and from Thomas.

g. On at least one occasion, after consultation with Thomas, KELLY provided false and fraudulent identification documents to a title company in an attempt to remove a cloud on the title of a property he was attempting to resell.

All in violation of Title 18 United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
*Criminal Forfeiture*)

19.    The general allegations and Count One of this Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

20.    Upon being convicted of conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349, the defendant shall forfeit to the United States of America, under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

21.    The forfeiture in this case may include entry of a forfeiture money judgment against the defendants in an amount up to the value of the property subject to forfeiture for the violations of conviction.

22.    If, by any act or omission of the defendants, the proceeds of the offenses cannot be located upon the exercise of due diligence, have

9

been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), up to the value of the forfeitable property described above.

JEROME F. GORGON JR.
United States Attorney

*John K. Neal*

JOHN K. NEAL
Assistant U.S. Attorney
Chief, Anti-Corruption Unit

RYAN A. PARTICKA
Assistant United States Attorney

Date: March 23, 2026

10

| United States District Court **Eastern District of Michigan** | **Criminal Case Cover Sheet** | **Case Number** 2:26−cr−20161 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 25-20649 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** Robert J. White |
| ☒ **Yes**      ☐ **No** | **AUSA's Initials:** R.P. |

**Case Title:** USA v. Kevin Kelly

**County where offense occurred :** Wayne and Elsewhere

**Check One:**      ☒ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

_____Indictment/__✓__Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [**Case number:**                    ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____      **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 23, 2026
Date

/s/Ryan Particka

Ryan Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9100
E-Mail address: Ryan.Particka@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.